In the Matter of ALAN D. MORRIS (Admitted as ALAN DREW MORRIS), an Attorney, Resignor.

Second Department, August 10, 1992

### APPEARANCES OF COUNSEL

*Harry Organek,* Westbury, for resignor.

*Frank A. Finnerty, Jr.,* Westbury *(Chris G. McDonough* of counsel), for Grievance Committee for the Tenth Judicial District.

### OPINION OF THE COURT

Per Curiam.

Alan D. Morris has submitted an affidavit dated July 10, 1992, wherein he tenders his resignation as an attorney and counselor-at-law (22 NYCRR 691.9). Mr. Morris was admitted to the practice of law by the Appellate Division of the Supreme Court, Second Judicial Department, on February 15, 1978, under the name Alan Drew Morris.

Mr. Morris acknowledges that he is the subject of an investigation by the Grievance Committee for the Tenth Judicial District concerning allegations that he converted client escrow funds. Mr. Morris further acknowledges that any order permitting him to resign may require that he make restitution to any persons whose money or property he misappropriated or that he reimburse the Lawyers' Fund for Client Protection pursuant to Judiciary Law § 90 (6-a). Mr. Morris recognizes that any order issued pursuant to Judiciary Law § 90 (6-a) can be entered as a civil judgment against him. He specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition.

Mr. Morris indicates that he is tendering his resignation freely and voluntarily, that he is not being subject to coercion or duress, and that he is fully aware of the implications of submitting his resignation. He states that he could not successfully defend himself on the merits against disciplinary charges initiated against him by the Grievance Committee based on the facts and circumstances of his professional conduct.

Counsel for the Grievance Committee recommends that the court accept the proffered resignation. Under the circumstances, the resignation of Alan D. Morris as a member of the Bar is accepted and directed to be filed. Accordingly, Alan D. Morris is disbarred and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

MANGANO, P. J., THOMPSON, BRACKEN, SULLIVAN and HARWOOD, JJ., concur.

Ordered that the resignation of Alan D. Morris is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Alan D. Morris is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Alan D. Morris shall promptly comply with this court's rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, Alan D. Morris is commanded to desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, com-

mission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that pursuant to Judiciary Law § 90 (6-a) (a) and (b), Alan D. Morris is directed to make restitution in the amount of $9,500 to Mr. and Mrs. Arthur Harrell, and to pay $191,670 to the Treasurer of Nassau County, pursuant to CPLR 2601, to be held subject to a determination of ownership of those funds in an action entitled *Doino v Meltzer,* currently pending in the Supreme Court, Nassau County, under Index Number 9663/86, less the amount of any awards by the Lawyers' Fund for Client Protection arising out of any misappropriation or misapplication of said funds by the resignor; and it is further,

Ordered that pursuant to Judiciary Law § 90 (6-a) (a), the respondent shall reimburse the Lawyers' Fund for Client Protection of the State of New York for any awards made to the persons whose money or property was willfully misappropriated or misapplied by him; and it is further,

Ordered that pursuant to Judiciary Law § 90 (6-a) (d), this order may be entered as a civil judgment and such judgment shall be enforceable as a money judgment in any court of competent jurisdiction by any person to whom payments are due hereunder in the amount set forth herein less any amount reimbursed by the Lawyers' Fund for Client Protection, or by the Lawyers' Fund for Client Protection where it has been subrogated to the rights of such person.